IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| DEON CARTER,              )<br>                           )<br>        Petitioner,      )<br>                           )<br>v.                         )    Civil Action No. 3:09CV121–HEH<br>                           )<br>COMMONWEALTH OF VIRGINIA,  )<br>                           )<br>        Respondent.        )| |

## MEMORANDUM OPINION
### (Denying Rule 60(b) Motion)

By Memorandum Opinion and Order entered on January 26, 2010, the Court dismissed a 28 U.S.C. § 2254 Petition filed by Deon Carter as barred by the relevant statute of limitations. (ECF Nos. 16, 17.) On August 11, 2010, the United States Court of Appeals for the Fourth Circuit denied Carter a certificate of appealability and dismissed his appeal. (ECF Nos. 29, 30.)

More than a decade later, on November 4, 2020, the Court received a Motion from Carter seeking to re-open the proceedings. ("Rule 60(b) Motion," ECF No. 34).[1] Carter

---

[1] Federal Rule of Civil Procedure 60(b)(4) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     . . . .
>         (4) the judgment is void;
>     . . .
>         (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(4) & (6).

posits that under Rule 60(b)(4) the Court's prior denial of his § 2254 Petition is void, and under Rule 60(b)(6) relief should be granted, because the Court purportedly erred in deciding that his initial § 2254 Petition was untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). The Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2254 petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, *while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.* Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always

2

> implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted) (emphasis added).

Carter states that his Rule 60(b) Motion "should not be mistaken or misconstrued to be an attack on anything other than the procedural ruling [by this Court] that precluded a merits determination on his [§] 2254 proceeding." (*See* ECF No. 34, at 1.) Assuming, *arguendo*, this statement is sufficient to endow this Court with jurisdiction to hear the Motion, as Carter urges, Carter has nevertheless failed to show an entitlement to relief.

Rule 60(b) offers an extraordinary remedy, but requires a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). Any party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After the party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Under Federal Rule of Civil Procedure 60(c)(1), Carter was required to file his motion within a "reasonable time" after the entry of the January 26, 2010 Memorandum Opinion and Order. FED. R. CIV. P. 60(c)(1). Carter's Rule 60(b) Motion was filed nearly eleven years after the entry of the challenged judgment. No persuasive reason was

3

given for this delay.² Thus, the Rule 60(b) Motion was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))).

Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)). Carter fails to demonstrate that extraordinary circumstances warrant review of the Court's dismissal of his § 2254 Petition.

Accordingly, the Rule 60(b) Motion (ECF No. 34) will be denied. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                                    /s/
                                  HENRY E. HUDSON
Date: May 3, 2021           SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

² Carter fails to offer any argument as to why the Court should find that his Rule 60(b) Motion was timely filed. *Cf. Fortune v. Clarke*, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary not jurisdictional). Further, it appears that the basis for Carter's current argument may have been known to him at or around the time of his initial § 2254 Petition. (*See* ECF No. 34, at 5 ("Petitioner raised this claim" in his § 2254 Petition).)