**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

DEON CARTER,                                  )
                                              )
    Petitioner,                               )
                                              )
v.                                            )       Civil Action No. 3:09-cv-121–HEH
                                              )
COMMONWEALTH OF VIRGINIA,                     )
                                              )
    Respondent.                               )

**MEMORANDUM OPINION**
**(Denying Rule 60(b) Motion)**

By Memorandum Opinion and Order entered on January 26, 2010, the Court dismissed *pro se* Petitioner Deon Carter's ("Petitioner") § 2254 Petition, finding it was barred by the relevant statute of limitations. (ECF Nos. 16, 17.) On August 11, 2010, the United States Court of Appeals for the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. (ECF Nos. 29, 30.) More than ten years later, on November 4, 2020, Petitioner filed a Motion under Rule 60(b)—specifically subsections (b)(4) and (b)(6)—of the Federal Rules of Civil Procedure. ("First Rule 60(b) Motion," ECF No. 34.) In that motion, Petitioner argued that, contrary to the Court's findings, he was entitled to "a belated commencement of the limitation period . . . or, alternatively, equitable tolling of the statute of limitations." (*Id.* at 1.) Finding that Petitioner had not moved for relief within a "reasonable time," the Court denied the First Rule 60(b) Motion on May 3, 2021. (ECF Nos. 36, 37.) The Fourth Circuit dismissed Petitioner's appeal of that decision on November 30, 2021. (ECF Nos. 45, 46.)

Petitioner has now filed a second motion under Rule 60(b)(6).[1] ("Second Rule 60(b) Motion," ECF No. 50.) In the Second Rule 60(b) Motion, Petitioner argues that several decisions issued by the Supreme Court of the United States have altered the legal landscape on which this Court based its decision to deny his § 2254 Petition. (*See id.* at 5–7.) Specifically, Petitioner identifies *Holland v. Florida*, 560 U.S. 632 (2010), and *Martinez v. Ryan*, 566 U.S. 1 (2012), as supportive of his argument that he was entitled to belated commencement or equitable tolling. (*See id.*)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the jurisdiction of district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant

---

[1] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> (B) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . :
> . . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

2

to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). The Fourth Circuit has provided the following guidance to help distinguish between a proper Rule 60(b) motion and an improper successive § 2254 petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, *while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.* Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted) (emphasis added).

Here, Petitioner is contesting this Court's previous finding that he was not entitled to either belated commencement of the limitation period or equitable tolling. (*See* ECF No. 50, at 5–7.) The Rule 60(b) Motion is therefore a genuine motion for reconsideration not barred by the prohibition on consideration of second or successive habeas petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 535–36 (2005) ("Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition.").

That said, for other reasons, Petitioner's Second Rule 60(b) Motion does not entitle him to relief. As the Court informed Petitioner in denying his First Rule 60(b)

3

Motion, "[a]ny party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" (ECF No. 36, at 3 (quoting *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).) *See also* Fed. R. Civ. P. 60(c)(1) (providing that parties must move for reconsideration within a "reasonable time").  With respect to the First Rule 60(b) Motion, the Court found that, because Petitioner had waited "nearly eleven years after the entry of the challenged judgment" and failed to offer any "persuasive reason" for doing so, he was not entitled to relief. (*See* ECF No. 36, at 3–4.)

If Petitioner's First Rule 60(b) Motion was not filed within a reasonable time, his Second Rule 60(b) Motion—which was predicated on the same theory as its predecessor, that the Court should have found that he was entitled to belated commencement or equitable tolling—was not timely either.  Although in his Second Rule 60(b) Motion Petitioner identifies case law he did not identify in its predecessor, the cases he cites— *Holland* and *Martinez*—are each over ten years old and were long-established law at the time Petitioner filed his First Rule 60(b) Motion.  Petitioner does not offer any explanation for his delay in filing.

The Fourth Circuit's decision in *Moses v. Joyner* is instructive.  815 F.3d 163 (4th Cir. 2016).  There, the petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and was denied relief. *See id.* at 165.  The petitioner then filed a motion under Rule 60(b) that the Fourth Circuit deemed to be a successive petition and was thus

4

denied relief once more. *Id.* The petitioner later filed a *second* Rule 60(b) motion, this time asserting that *Martinez* and *Trevino v. Thaler*, 569 U.S. 413 (2013)—which were decided after he filed his first Rule 60(b) motion—entitled him to relief. *Moses*, 815 F.3d at 165–66. The district court again denied the petitioner's relief, finding that his second Rule 60(b) motion was untimely. *Id.* at 166.

On appeal, the Fourth Circuit addressed whether the *Moses* petitioner's second Rule 60(b) motion "satisfie[d] the timeliness requirement under Rule 60(c)." *Id.* Observing that the petitioner's motion came over two-and-a-half years after *Martinez* had been decided and fifteen months after *Trevino* had been decided, the Fourth Circuit found that the district court had not erred in denying relief on timeliness grounds. *Id.* Compounding the timeliness issue, the Fourth Circuit found, was the fact that his initial Rule 60(b) motion "was pending when *Martinez* came down" and that "[the *Moses* petitioner] never tried to amend that pending motion" in light of that decision. *Id.*

The Moses petitioner's delay pales in comparison to that of Petitioner in the present case. Although *Holland* and *Martinez* postdate Petitioner's state conviction, these cases were ten and eight years old, respectively, when Petitioner filed his *First* Rule 60(b) Motion. They are even older today. Petitioner, however, offers no explanation for waiting as long as he did before seeking relief based on the holdings of these cases. For this reason, the Court finds that Petitioner's Second Rule 60(b) Motion was not filed within a reasonable time. *See Moses*, 815 F.3d at 166 (finding Moses's two-plus-year delay in filing a valid basis for denial of the motion and collecting cases denying relief

5

based on even shorter delays); *McLawhorn v. John W. Daniel Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Oper. Co. v. Util. Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))).

Nor would Petitioner be entitled to relief even had his Second Rule 60(b) Motion been timely filed. First, "a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." *Dowell*, 993 F.2d at 48 (citing *Hall v. Warden, Md. Penitentiary*, 364 F.2d 495, 496 (4th Cir. 1966) (en banc)); *see also McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750–51 (6th Cir. 2013) (holding that the change in procedural default rules worked by *Martinez* is not an exceptional circumstance justifying Rule 60(b)(6) relief because those cases did not alter the constitutional rights of criminal defendants).

Second, in *Martinez*, the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17. It did not provide a basis for treating otherwise untimely ineffective assistance claims as timely. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to

6

[the] statute of limitations [in § 2244(d)] or the tolling of that period."). Accordingly, *Martinez* does not salvage Petitioner's claims, which the Court found were barred by the relevant statute of limitations. (*See* ECF No. 16.)

Petitioner's invocation of *Holland* fares no better. Although that case found that the statute of limitations for § 2254 petitions is subject to equitable tolling and that an attorney's failure to meet a professional standard of care can amount to an extraordinary circumstance supportive of such tolling, it still required a petitioner to have "pursu[ed] his rights diligently." *Holland*, 560 U.S. at 649. The Court has already found that Petitioner was not diligent in requesting his case file from his attorney or in filing his § 2254 Petition (*see* ECF No. 16, at 4–6), and Petitioner has not offered any evidence or argument to undermine this finding.

Accordingly, Petitioner's Second Rule 60(b) Motion (ECF No. 50) will be denied. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: May 12, 2026
Richmond, Virginia

7